George M. WIGGIN, Plaintiff-Appellant,

v.

KOHLMEYER & CO. et al., Defendants-Appellees.

No. 29467.

United States Court of Appeals,
Fifth Circuit.

July 9, 1971.

William D. Friedmann, New York City, Owen G. Roberts, Jr., Columbus, Ga., Friedmann & Fischman, New York City, for plaintiff-appellant; Harold Fischman, Dennis M. Beck, New York City, of counsel.

A. J. Land, Alan F. Rothschild, Columbus, Ga., Charles Kohlmeyer, Jr., Earl S. Eichin, Jr., New Orleans, La., for defendants-appellees; Hatcher, Stubbs, Land, Hollis & Rothschild, Columbus, Ga., Lemle, Kelleher, Kohlmeyer, Matthews & Schumacher, New Orleans, La., of counsel.

Before THORNBERRY and GODBOLD, Circuit Judges, and BOOTLE, District Judge.

THORNBERRY, Circuit Judge:

George M. Wiggin, appellant, instituted this action against Kohlmeyer & Company (Kohlmeyer) and two of its Columbus, Georgia employees, Robert Martin and Jerre Pound, under the Securities Act of 1933, as amended [15 U.S.C.A. § 77a et seq.], the Securities Exchange Act of 1934 [15 U.S.C.A. § 78a et seq.], the Commodity Exchange Act [7 U.S.C.A. § 1 et seq.], the Sherman Anti-trust Act [15 U.S.C.A. § 1 et seq.], and "the laws of the several states." The six facets of Wiggin's complaint were summarized by the district court as follows:

"The first claim alleged that Plaintiff had been solicited to become a customer of the Columbus, Georgia office of Kohlmeyer and to open a commodity account which Kohlmeyer undertook to manage and supervise, but that the account was improperly and fraudulently managed and resulted in losses to Plaintiff. A right to recovery was claimed under the Securities Acts of 1933 and 1934 and the Commodity Exchange Act. The second claim alleged that the commodity account of the Plaintiff was a 'discretionary account' which Kohlmeyer undertook to manage and that such account was an 'investment contract' and therefore a 'security' within the meaning of the Securities Acts. The Plaintiff claimed damages for the reason that no Registration Statement, as required by the Securities Act of 1933, was filed or in effect with reference to the account. The

third claim more or less followed the second claim, except that it alleged untrue statements of material facts in violation of the Securities Acts and violation of the rules of the various exchanges. The fourth claim charges that Plaintiff's account was managed in a grossly negligent manner. The fifth claim is a general claim of loss caused by a 'device, scheme or artifice to defraud and which operated as a fraud and deceit' upon Plaintiff. The sixth and last claim alleges a demand upon, and a refusal by, Defendant Kohlmeyer to make good the amount of Plaintiff's losses and is a general claim. The prayer was for an accounting and a judgment for such sum as the Plaintiff may have been found entitled to receive."

The jury exonerated Martin and Pound but returned a verdict for Wiggin in the amount of $34,267.00 against Kohlmeyer. Subsequently Kohlmeyer filed a timely motion for judgment notwithstanding the verdict, praying for a new trial in the alternative.[1] Pursuant

1. Kohlmeyer's motion was made pursuant to Rule 50, F.R.Civ.P., which provides:

(a) A party who moves for a directed verdict at the close of the evidence offered by an opponent may offer evidence in the event that the motion is not granted, without having reserved the right so to do and to the same extent as if the motion had not been made. A motion for a directed verdict which is not granted is not a waiver of trial by jury even though all parties to the action have moved for directed verdicts. A motion for a directed verdict shall state the specific grounds therefor. The order of the court granting a motion for a directed verdict is effective without any assent of the jury.

(b) Whenever a motion for a directed verdict made at the close of all the evidence is denied or for any reason is not granted, the court is deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by the motion. Not later than 10 days after entry of judgment, a party who has moved for a directed verdict may move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with his motion for a directed verdict; or if a verdict was not returned such party, within 10 days after the jury has been discharged, may move for judgment in accordance with his motion for a directed verdict. A motion for a new trial may be joined with this motion, or a new trial may be prayed for in the alternative. If a verdict was returned the court may allow the judgment to stand or may reopen the judgment and either order a new trial or direct the entry of judgment as if the requested verdict had been directed. If no verdict was returned the court may direct the entry of judgment as if the requested verdict had been directed or may order a new trial.

(c)

(1) If the motion for judgment notwithstanding the verdict, provided for in subdivision (b) of this rule, is granted, the court shall also rule on the motion for a new trial, if any, by determining whether it should be granted if the judgment is thereafter vacated or reversed, and shall specify the grounds for granting or denying the motion for the new trial. If the motion for a new trial is thus conditionally granted, the order thereon does not affect the finality of the judgment. In case the motion for a new trial has been conditionally granted and the judgment is reversed on appeal, the new trial shall proceed unless the appellate court has otherwise ordered. In case the motion for a new trial has been conditionally denied, the appellee on appeal may assert error in that denial; and if the judgment is reversed on appeal, subsequent proceedings shall be in accordance with the order of the appellate court.

(2) The party whose verdict has been set aside on motion for judgment notwithstanding the verdict may serve a motion for a new trial pursuant to Rule 59 not later than 10 days after entry of the judgment notwithstanding the verdict.

(d) If the motion for judgment notwithstanding the verdict is denied, the party who prevailed on that motion may, as appellee, assert grounds entitling him to a new trial in the event the appellate court concludes that the trial court erred in denying the motion for judgment notwithstanding the verdict. If the appellate court reverses the judgment, nothing in this rule precludes it from determining that the appellee is entitled to a new trial, or from directing the trial court to determine whether a new trial shall be granted. As amended Jan. 21, 1963, eff. July 1, 1963.

to the motion, the trial judge set aside the jury verdict and entered judgment for Kohlmeyer, alternatively granting the motion for new trial in the event the judgment were vacated or reversed on appeal. The question presented in this appeal is whether the trial court properly granted Kohlmeyer's motions.

The proper standard for measuring the correctness of the trial court's action was articulated by this Court in Boeing Company v. Shipman, 5th Cir. 1969, 411 F.2d 365: "On motions for directed verdict and for judgment notwithstanding the verdict the Court should consider all of the evidence—not just that evidence which supports the non-mover's case—but in the light and with all reasonable inferences most favorable to the party opposed to the motion. If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict,· granting of the motions is proper. On the other hand, if there is substantial evidence opposed to the motions, that is, evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motions should be denied, and the case submitted to the jury. A mere scintilla of evidence ·is insufficient to present a question for the jury. The motions for directed verdict and judgment n. o. v. should not be decided by which side has the better of the case, nor should they be granted only when there is a complete absence of probative· facts to support a jury verdict. There must be a conflict in substantial evidence to create a jury question. However, it is the function of the jury as the traditional finder of the facts, and not the Court, to weigh conflicting evidence and inferences, and determine the credibility of witnesses." 411 F.2d at 374–375.

After carefully considering all the evidence in the voluminous record in light of this standard, we have determined that the District Judge improperly granted Kohlmeyer's motion for judgment notwithstanding the verdict. Accordingly, we remand the cause for a new trial as to Kohlmeyer and Company in accordance with the trial court's conditional ruling.[2]

2. B Barron & Holtzoff, Federal Practice and Procedure, § 1082 (Wright ed. 1961, 1969 Supp.).